## Quatello's Detective License.

*Detectives—Detective license—Qualifications of applicant—Act of May 23, 1887.*

An application under the Act of May 23, 1887, P. L. 173, for a license as private detective will be refused where the testimony in support of the application is too meager to meet the requirements of the act that demands "satisfactory proof of the competency and integrity of" the applicant.

Petition for license as private detective. C. P. Schuylkill Co.

*Henry Houck*, for petition.

Koch, J., Jan. 24, 1927.—The applicant is a resident of the Borough of Shenandoah, where he has resided for a period of approximately twenty years. He is a citizen of the United States and is twenty-four years old. In his petition, he avers his belief that he is properly qualified to perform the duties of a private detective, and that there is a reasonable necessity for a private detective agency in said borough. His petition is endorsed by twenty-six citizens of the Commonwealth, who say that they believe the applicant is qualified by experience to engage in the business of a private detective; that he is a man of integrity and fully capable of performing the duties of a private detective, and that there is a necessity existing for the licensing of the applicant as such, with his place of business in the Borough of Shenandoah. The petition is drawn comformably with the provisions of the Act of May 23, 1887, P. L. 173, which requires that any one who shall engage in the business of detective for hire or reward shall obtain a license so to do from the Court of Quarter Sessions of the county wherein the principal office of such detective is located. The second section of said act provides that, "It shall and may be lawful for the Court of Quarter Sessions, within which the principal office of any person or persons intending to conduct the business of detective or detective agency, to issue a license to such person or persons applying therefor; . . . but no such license shall be granted until satisfactory proof of the competency and integrity of such person or persons shall have been made to the court by petition or otherwise," etc.

The act seems to be mandatory and to oblige the court to grant a license if "satisfactory proof of the competency and integrity of" the applicant has been made to the court by petition or otherwise: Smith's Petition, 5 Dist. R. 465. But it is held in the case just cited that the applicant for a detective's license "ought to furnish affirmative and convincing proof that he is a person experienced in the essentials of the business he proposes to engage in, acquainted with the methods and habits of criminals, familiar with the privileges and duties of officers charged with their pursuit and arrest, possessed of the required courage, moderation, coolness and integrity to act judiciously and efficiently in trying situations, mindful of the rights of citizens and the extent and limitations of the powers of peace officers, and that he is a person of unblemished character, free from objectionable habits and degrading associates, above the suspicion of having been or becoming implicated in blackmailing schemes or the bringing of prosecutions for the purpose of settlement and extortion, discreet, honest, truthful and reliable." The same view was held by Judge Halsey in re Application of Fierro, 12 Luz. Legal Reg. Rep. 278. But in Dickerson's Petition, 5 Lacka. Jur. 292, 13 D. R. 32, Judge Brégy said that the act for licensing detectives "is not one permitting every person who may be honest and competent to be licensed to act as a private detective. It simply makes it lawful for the court to appoint such person if they see proper to do so. I would not grant a license to any one to act as a private detective unless I was

satisfied that there was some emergency requiring it. A private detective has so much power for evil that I feel such an appointment should only be made in case of clear necessity. . . . It is the court that is to be satisfied. The opinion of others, as expressed by their signatures being to a paper, is not, to me, satisfactory proof." Judge Brégy had previously held to the same view in Burnett's Application, 5 Dist. R. 3. In Richey's Petition, 13 Dist. R. 400, Judge Barrett adopted Judge Brégy's view as expressed in Burnett's Petition, 5 Dist. R. 3. He said: "Necessity, therefore, is the principal ground upon which the granting of a person's application must be based." But the necessity for the granting of the license did not appear and the petition was refused.

In the instant case, the applicant and two witnesses in his behalf were heard. The applicant is a compressor engineer. He had not had "much police experience," never having been constable or a member of the police force, but he believes there is a reasonable necessity for a private detective in Shenandoah, none being there at this time. An Italian, by the name of Dominic Savallo, who also resides in Shenandoah, had a private detective license, but gave up the business. The applicant says that his purpose in wanting a detective's license is "to help protect the law," but that he has had no experience of that character. Antonio Pantosco, a resident of Shenandoah, fifty-nine years old, thinks the applicant will make a very good detective, but this witness did not give any testimony to show that he knows anything about what is required of such a person. Pantosco formerly conducted a butcher shop and a confectionery store in Shenandoah, but is not now in business. He says the applicant's reputation is very good. Dominic Darenzo, the other witness, conducts a pool-room and ice-cream parlor in Shenandoah and knows the applicant about twelve years. He says Quatello's reputation is good, and he guesses there is demand in Shenandoah for a private detective. Such testimony is too meager to meet the requirements of the act that demands "satisfactory proof of the competency and integrity of" an applicant for a private detective license.

The application is refused.

An exception is allowed the applicant and bill is sealed.

From M. M. Burke, Shenandoah, Pa.